JAMES HENDERSHOT, PLAINTIFF-RESPONDENT, v. NEW
YORK, SUSQUEHANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT-APPELLANT.

Submitted January 29, 1927—Decided July 19, 1927.

**Workmen's Compensation—Federal Employers' Liability Act—
Employe of Railroad Company was Injured While Riding,
in the Course of his Employment, on an Engine which Came
into Collision with two Runaway Cars—Defendant's Conten-
tion that the Plaintiff had Failed to Establish Allegations
of Negligence Without Merit—Defendant's Negligence in
Allowing Cars to Run Away Held to be the Proximate
Cause of Accident—Safety Appliance Act did Apply—Jury
not Permitted to Consider Unproven Allegations—Other
Points Considered and Judgment Affirmed.**

On appeal from the Warren County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the appellant, *Hobart & Minard* (*George S. Hobart*
and *John E. Selser,* of counsel).

For the respondent, *William C. Gebhardt & Son* (*W. Read-
ing Gebhardt,* of counsel).

PER CURIAM.

This is an appeal from the Warren County Circuit Court.
The plaintiff had the verdict of a jury, and this is an appeal
from the judgment entered upon such verdict.

Plaintiff was injured while in the employ of the defendant
as a brakeman, and the suit was based on the Federal Em-
ployers' Liability act and the Safety Appliance act.

The accident happened at three o'clock in the morning, at
a point in defendant's road where there is a single track.
Plaintiff was the head brakeman of a crew on a freight train
going in a westerly direction, pulled by two engines, the

plaintiff riding in the first of the two engines in the fireman's cab where his duty required him to be for the purpose of throwing the switch for the train at what is known as Kinney's Switch, where his train had orders to pass another train which was en route coming in the easterly direction. There was a heavy descending grade going in an easterly direction down to the place of the accident and there was also a curve in the track. There were no automatic block signals on the line at this point. As the plaintiff sat in the cab of his engine he suddenly saw two freight cars coming down the grade in an easterly direction towards his train, at a high speed. They crashed into the engine, the train was wrecked and the plaintiff injured.

The two runaway cars which caused the wreck were loaded with cement, and had gotten away from the crew of the defendant operating another train which was then coming in an easterly direction. This train had orders to pass Hendershot's train at Kinney's Switch, and so the crew was aware that this specific train was coming in an opposite direction.. The eastbound train stopped at what is known as Green Pond Junction, and had orders to pick up the two cars of cement there.

The crew handled these two cars and placed them on one of the tracks at this junction with the idea of later attaching them to their train when they were ready, and taking them with them. One of these cars was a Maine Central car, and the other a Philadelphia and Reading car. They were coupled together, and the hand brake appears to have been set to some extent on the Maine Central car, but it did not hold the cars, and it may be inferred from the evidence that the brake was not in an efficient and proper condition. Moreover, the crew failed to set the hand brake on the Philadelphia and Reading car, despite the fact, as the evidence tended to show, that the rules of the company required that the hand brakes on both of these cars should be set under these circumstances, and it was also the custom so to do. There was some evidence that wooden blocks were placed under these cars, but this may be inferred to have been done in a negligent manner, for the

blocks were of no avail in preventing the cars getting away. There was a derail on this track between these cars and the main line track of the New York, Susquehanna and Western railroad, which would have prevented these cars from getting out on the main line track, and would have prevented the accident, but the crew failed to place this derail in position on the track, so, of course, it afforded no protection.

The consequence was that a short time thereafter, one of the engineers of this train saw the two cars going out of the switch and out on the main line track, which was the beginning of their runaway journey. This engineer took his engine, and, together with another engine, coupled to it, gave chase to the cars, and although they attained a speed of thirty miles an hour, and went a distance of one mile and a half to Kinney's Switch, they were unable to even catch sight of the runaway cars.

As we read the evidence the defendant made no attempt to give any explanation for the happening of this accident.

1. The defendant contends that its motion for a nonsuit and for the direction of a verdict in its favor should have been granted on the ground that the plaintiff had failed to establish any allegations of negligence charged in the complaint.

We think that point is without merit. The complaint was broad and charged negligence in several aspects. We think it is clear that the grounds of negligence which the court submitted to the jury, namely, failure to equip the cars which ran away with efficient brakes and failure to use reasonable care in the hauling and handling of the cars, were comprehended within the complaint; and in that connection we would say that this case in many of its aspects is very similar to *Smith* v. *New York, Susquehanna and Western Railroad Co.,* 46 *N. J. L.* 7. In that case the holding of the court was, as stated in the head note, as follows: "A railroad company left a loaded car, coupled with two empty cars, standing on a switch which inclined towards their main track, the same being secured by their brakes and a railroad tie placed under the wheels of the loaded car; the cars got upon the main

track and thereby. an accident occurred, the plaintiff being injured. Held, the company was not irresponsible, *as a matter of law,* even though the cars could not have got on the main track but for the wrongful act of a stranger."

We think that an examination of that decision, and the *reasoning by which it is supported,* dispose of many of the points argued in this case against the contention of the defendant.

2. The defendant's next point is that its motion for the direction of a verdict in its favor should have been granted on the ground that defendant's negligence, if any, was not the proximate cause of the accident.

We think this point also is without merit. These two cars had been placed on the side track by the defendant's servants. If they had been placed there in such a manner that they could not run away, the accident could not have occurred. This was not done, and the cars did run away and caused the accident. The plaintiff contends that they ran away because of the inefficient condition of the brakes and because of the negligent manner in which they were placed there and allowed to remain there. Certainly such negligence would be the natural and proximate cause of the cars running away and of the resulting accident. *Carey* v. *Deems,* 101 *N. J. L.* 419.

3. The next point is that the evidence showed that the Safety Appliance act did not apply, and it was therefore error to leave to the jury the question whether the accident was caused by a violation thereof.

We are not impressed with the merit of this point. These cars which got out on the main track of the defendant had been hauled and handled by the defendant company, and we entertain no doubt that the Safety Appliance act applied to the situation which the evidence disclosed in connection therewith.

4. It is again urged that the trial court erroneously permitted the jury to consider allegations of negligence concerning which there was no proof, and erroneously refused defendant's requests to withdraw such allegations from the jury.

When these requests are examined, we find no error preju-
dicial to the defendant in the refusal to charge them, in view
of the fact, as we believe it to be, that the trial judge limited
the charges of negligence to be considered by the jury to fail-
ure to properly equip the cars, and carelessness in the hauling
and handling of the cars.

5. It is next said that the trial judge erroneously per-
mitted the jury to consider as possible ground of liability
on the part of the defendant, a claim of negligence which was
not alleged, to wit, carelessness on the part of the defendant's
employes in blocking the runaway cars in the freight yard.

We think there is no merit in this point, because, as we
think, the complaint was broad enough to comprehend that
phase of the proof. And, moreover, this proof was produced
in the case apparently without objection at the time it came
in. That this was a proper matter for the consideration of
the jury, and upon which the judgment for the plaintiff
might well have been rested, is illustrated by the case of
*Smith* v. *New York, Susquehanna and Western Railroad Co.,*
*supra.*

6. The next point is that the judge erroneously charged
the jury as to the application of the doctrine of *res ipsa lo-*
*quitur.*

We have examined the charge in this respect and we believe
it was justified in the circumstances disclosed by the evi-
dence. Such we believe to be the affect of our decision in
*McPherson* v. *Hudson and Manhattan Railroad Co.,* 100 *N.*
*J. L.* 262; *affirmed,* 101 *Id.* 410.

7. Again, it is urged that the trial court erroneously
charged the jury that if they found the injuries were as
claimed by the plaintiff, then he was entitled to recover a sub-
stantial sum therefor, thereby removing from the considera-
tion of the jury the question whether the plaintiff had proved
any negligence on the part of the defendant or its employes.

This point we think has no substance, as will be seen upon
an examination of the entire charge, in which, of course, the
trial judge properly, as we think, laid down the rules govern-
ing the jury upon the question of the liability of the defend-
ant and the necessity of proving negligence.

8. The defendant also contends that the trial court er-roneously admitted evidence as to the alleged custom of using or applying two-hand brakes instead of one-hand brake on freight cars.

We think that a careful examination of the record will dis-close that this contention is not well founded in fact. We think that it appears with reasonable clearness that the question said to be objectionable was with respect to one brake on each car. This, of course, was not only relevant, but of the utmost importance, particularly in view of the fact that it appeared in the case that the brake was set only on one of the cars.

9. The defendant next contends that the trial court erro-neously admitted argumentative evidence as to the position and condition of the derail on the switch connecting the tracks of another company with the track of the defendant.

Our examination of the testimony in question results in the conclusion that the testimony was not legally objection-able as argumentative, being rather the testimony of an ex-pert in railroad operation, and we think unobjectionable.

10. It is next said that there was error on the part of the trial judge in the admission and exclusion of evidence relat-ing to the nature and extent of the plaintiff's injuries.

To that we deem it sufficient answer to say that we have examined the testimony admitted, and that excluded, in-volved in this point, and we find none of it which we deem to be prejudicial to the defendant.

11. Lastly, it is said that the trial judge erroneously ad-mitted in evidence certain mortality tables without adequate proof thereof, and erroneously permitted the jury to take such tables into consideration in determining the pecuniary loss sustained by the plaintiff by reason of the accident.

We believe that contention to be ill-founded in law. It appears that the mortality table which was offered in evi-dence was that found in Dickinson's Chancery Precedents. We think that was not erroneous. *Camden and Atlantic City Railroad Co.* v. *Williams,* 61 *N. J. L.* 646; *Dickenson* v. *Mu-tual Grocery Co.,* 100 *Id.* 118.

The judgment below will be affirmed, with costs.